UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Walter Norton

    v.                             Civil No. 11-cv-282-JD

United States of America


O R D E R

    Walter Norton, proceeding pro se, filed a "Motion to Request Correction/Reduction of Illegal Sentence and Request for Release on Bond," referencing his criminal case, Criminal Number 04-cr-057-JD, which is closed, and his habeas corpus proceeding, Civil Number 06-cv-282-JD, which is also closed. In his current motion, Norton contends that his sentence is illegal in light of United States v. Holloway, 630 F.3d 252 (1st Cir. 2011), because his prior convictions should not have resulted in a determination of career offender status under U.S.S.G. § 4B1.1. For the reasons that follow, Norton's motion is deemed to be a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, and the case is dismissed due to a lack of jurisdiction.

    Norton cited his two prior federal cases at the top of his motion. He does not argue or even suggest that he intended the motion to be filed in his criminal case under Federal Rule of Criminal Procedure 35, which does not apply in these circumstances. Norton argues as an alternative to his claim

under § 2255, that his motion should be considered under Federal Rule of Civil Procedure 60(b) in his prior § 2255 case. The relief Norton seeks, however, is not available pursuant to Rule 60(b). See Gilbert v. United States, --- F.3d ---, 2011 WL 1885674, at *28-29 (11th Cir. May 19, 2011); Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003). Therefore, Norton's motion is a motion to vacate his sentence under § 2255, as Norton primarily argues.

Because Norton filed a prior motion to vacate his sentence under § 2255, he has now filed a second motion under § 2255. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" the specified grounds for relief. § 2255(h). This court lacks jurisdiction to consider a second or successive motion under § 2255 "'unless and until the court of appeals has decreed that it may go forward.'" Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)).

Norton has not provided a certification from the First Circuit Court of Appeals. Therefore, this court lacks jurisdiction to consider Norton's motion.

## Conclusion

For the foregoing reasons, the motion to vacate sentence (document no. 1) is dismissed due to a lack of jurisdiction. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 9, 2011

cc: Walter Norton #03327-049, pro se